```
              IN THE UNITED STATES DISTRICT COURT
                  WESTERN DISTRICT OF ARKANSAS
                      FAYETTEVILLE DIVISION
```

**UNITED STATES OF AMERICA**                                              **PLAINTIFF**

v.

**RENE IBARRA**              Case No. 06-50069              **DEFENDANT**

and

**ROGERS IRON AND METAL COMPANY**                                        **GARNISHEE**

### O R D E R

NOW on this 9th day of April 2008, comes on for consideration Defendant's **Motion for Reconsideration of Order of Garnishment and Motion for Hearing** (document #38), the response of the United States (document #39), and the Court, being well and sufficiently advised, finds and orders as follows:

1. On May 10, 2007, Defendant was sentenced to seventy months incarceration for possession with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(vii).  Defendant was also assessed a $100.00 special assessment and ordered to pay a $5,000.00 fine.

On July 13, 2007, the United States filed an Application for Writ of Continuing Garnishment (Doc. #32).  Subsequently, a Writ of Garnishment (Doc. #33), directed to Garnishee Rogers Iron and Metal Company, was duly issued and served upon said Garnishee. Pursuant to the Writ of Garnishment, the Garnishee filed an Answer stating that, at the time, it had in its possession a 401(k) account with an approximate value of $7,719.85 and that the Garnishee was indebted to Defendant.

The Writ of Garnishment notified Defendant of his right to a hearing. Although Defendant filed a response (Doc. #35) stating that he had entered into a contract with the Bureau of Prisons to make monthly payments, he did not, at that time, request a hearing to determine whether the property at issue was exempt. Accordingly, on March 18, 2008, the Court entered an Order of Garnishment (Doc. #37) directing that the Garnishee pay to the Government the sum of $5,075.00 currently in its possession belonging to Defendant.

Defendant now seeks reconsideration of the Court's Order of Garnishment and a hearing to determine whether the personal property at issue, specifically Defendant's retirement account, is subject to garnishment. The United States objects to Defendant's motion, arguing that Defendant's request for a hearing is untimely and that, as a matter of law, the 401(k) is subject to garnishment.

2. Pursuant to 18 U.S.C. § 3613(a), the United States may enforce a judgment imposing a fine in accordance with the practices and procedures for the enforcement of a civil judgment under Federal or State law. A judgment enforcing a fine may be enforced against all property or rights to property of the person fined, except those specifically listed in 18 U.S.C. § 3613(1), (2), and (3).

In the case at bar, Defendant's interest in his 401(k) plan does not fall within any of the enumerated exceptions listed in Section 3613(a). See United States v. First Bank & Trust East Texas, 477 F.Supp.2d 777, 780-81 (E.D. Tex. 2007) (finding that

defendant's 401(k) plan was properly subject to garnishment under 18 U.S.C. § 3613).  Further, Defendant's motion offers no reason why Defendant believes his retirement plan is exempt from garnishment.  Accordingly, the Court finds that Defendant has not set forth a colorable claim that a federal exemption applies. First Bank, 477 F.Supp.2d at 783.  As such, no hearing is necessary in this case.  Moreover, Defendant was given ample time to request a hearing, yet neither the Court nor the United States have any record of the Defendant doing so.  The Court, therefore, finds that Defendant's motion for reconsideration and hearing should be denied.

IT IS THEREFORE ORDERED that Defendant's **Motion for Reconsideration of Order of Garnishment and Motion for Hearing** (document #38) should be, and it hereby is, **DENIED**.

**IT IS SO ORDERED.**

/s/Jimm Larry Hendren
HON. JIMM LARRY HENDREN
UNITED STATES DISTRICT JUDGE